**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHERN DIVISION**

| | |
|---|---|
| CLINT L. BALL, | ) |
| Movant, | ) |
| vs. | ) No. 12-3394-CV-S-RED |
| UNITED STATES OF AMERICA, | ) Crim. No. 04-3056-05-CR-S-RED |
| Respondent. | ) |

**ORDER**

Pending before this Court is movant's motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence (Doc. No. 1, filed on August 15, 2012). The Court finds that it has jurisdiction over this matter. Additionally, as an initial matter, the Court finds that movant's request to strike his trial counsel's affidavit (see Doc. No. 17, p. 9) should be **DENIED AS MOOT**, given that counsel has submitted a corrected affidavit (Doc. No. 18).

**BACKGROUND**

Following a jury trial, movant was convicted of conspiracy to distribute 500 grams or more of methamphetamine, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii), and 846, and was convicted of possession of a firearm by an unlawful user of a controlled substance in violation of 18 U.S.C. § 922(g)(3) and 924(a)(2). Movant was sentenced to 262 months imprisonment. Movant timely appealed his conviction to the Eighth Circuit, and on August 22, 2007, the Eighth Circuit issued an opinion affirming this Court's decision and rulings. United States v. Ball, 499 F.3d 890 (8th Cir. 2007). Subsequently, movant filed a petition for a writ of certiorari with the United States Supreme Court, and the Supreme Court granted certiorari, vacated the judgment, and remanded the case to the Eighth Circuit for further consideration "in light of Gall v. United States, 552 U.S. 38 (2007)" Ball v. United States, 556 U.S. ___, 129 S.Ct. 2049 (2009). Upon remand, the Eighth Circuit determined that the sentence "di[d] not run afoul of Gall" but remanded the case to the district court for further consideration of suppression issues in light of Arizona v. Gant, 556 U.S. 332 (2009). United States v.

<u>Ball</u>, 334 Fed. Appx. 44 (8th Cir. 2009).   Upon remand, this Court found that the previously-filed motion to suppress should be denied (<u>see</u> Doc. Nos. 387 and 389), and the Eighth Circuit affirmed that ruling on other grounds.   <u>See</u> <u>United States v. Ball</u>, 449 Fed. Appx. 527 (8th Cir. 2011).   Movant has now filed the present motion.

Movant asserts ineffective assistance of counsel, asserting that his trial counsel's erroneous advice during plea negotiations led him to reject a plea offer wherein the government offered to not file a Section 851 enhancement.   Movant argues that his trial counsel provided incorrect information regarding whether movant was eligible for a Section 851 enhancement at sentencing.[1]  Movant asserts that, had counsel informed him that the Section 851 enhancement would apply to increase his mandatory minimum sentence, movant would have pled guilty so that he could receive a lesser sentence.

**STANDARD**

To establish a claim for relief based upon ineffective assistance of counsel, movant must show that counsel failed to exercise the skill and diligence that a reasonably competent attorney would have exercised under similar circumstances. <u>Thomas v. Lockhart</u>, 738 F.2d 304, 307 (8th Cir. 1984).   There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."   <u>Strickland v. Washington</u>, 466 U.S. 668, 689 (1984).   Movant must also demonstrate that he was prejudiced by the alleged incompetence of counsel by showing the existence of a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."   <u>Id.</u>   "A reasonable probability is a probability sufficient to undermine confidence in the outcome."   <u>Id.</u>      Defendants

---

[1] Movant was given a suspended imposition of sentence and probation in relation to his 1995 conviction for possession of a controlled substance.   Movant asserts his trial counsel informed him that a suspended imposition of sentence would not qualify as a prior felony drug conviction so as to increase his mandatory minimum sentence under 21 U.S.C. § 841(b)(1)(A).   <u>See also</u> <u>United States v. Stallings</u>, 301 F.3d 919 (8th Cir. 2002) (finding that a suspended sentence imposed in California did not qualify as a prior felony drug conviction).   <u>But see</u> <u>United States v. Slicer</u>, 361 F.3d 1085 (8th Cir. 2004)(finding that a suspended sentence imposed in Missouri qualifies as a prior felony drug conviction).

have a constitutional right to effective assistance of counsel with respect to plea offers that lapse or are rejected. <u>Williams v. United States</u>, 705 F.3d 293, 294 (8th Cir. 2013)(citing <u>Lafler v. Cooper</u>, 566 U.S. ___, 132 S.Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 566 U.S. ___, 132 S.Ct. 1399 (2012)).   In such an instance, movant would need to show "that he would have accepted the plea but for counsel's advice, and that had he done so, he would have received a lesser sentence."  <u>Wanatee v. Ault</u>, 259 F.3d 700, 703-04 (8th Cir. 2001).

## JUDGMENT

The Court has reviewed movant's motion and memorandum in support (Doc. Nos. 1 and 2), respondent's opposition (Doc. No. 9), movant's reply (Doc. No. 17) and the record in the underlying criminal case, and finds that movant's allegations are without merit for the reasons stated in respondent's opposition.   In particular, the Court finds that (1) counsel's advice regarding the effect of the suspended imposition of sentence, while ultimately incorrect, was reasonable under <u>Strickland</u> given the state of the law in the Eighth Circuit (<u>see</u> <u>United States v. Stallings</u>, 301 F.3d 919 (8th Cir. 2002)); and (2) counsel's advice did not prejudice movant, given that until recently defendant maintained his innocence at all stages of his prosecution and gave no indication he would be willing to admit his guilt (<u>see</u> <u>Sanders v. United States</u>, 341 F.3d 720, 723 (8th Cir. 2003)).   Furthermore, the Court notes that the Section 851 enhancement to the mandatory minimum sentence did not affect the sentencing guidelines range used for movant[2]; the only way movant's guideline range could have been reduced is if movant had received a reduction for acceptance of responsibility (a factor which defense counsel indicates was communicated to movant, <u>see</u> Doc. No. 18-1, ¶¶ 4-5).   Therefore, movant's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1), filed August 15, 2012, is **DENIED**.

No evidentiary hearing will be held in this matter because the issues raised are

---

[2] Movant was sentenced to 262 months imprisonment, which is at the low end of the guidelines range of 262 to 327 months.

3

resolvable by the record.   Furthermore, movant will be denied a motion for certificate of appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

      **IT IS SO ORDERED.**


                 /s/Fernando J. Gaitan, Jr.
                 Fernando J.   Gaitan, Jr.
                 Chief United States District Judge

Dated:   April 10, 2013
Kansas City, Missouri

4